**Bruce Warren CREAMER,
Plaintiff-Appellant,**

v.

**CITY OF TULARE, a Municipal Corporation and a Common Law City; et al., Defendants-Appellees.**

### No. 16-17220

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 26, 2017 *

Filed July 5, 2017

Bruce Warren Creamer, Pro Se

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Bruce Warren Creamer appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal and state law violations. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Because Creamer has failed to address on appeal how the district court erred in dismissing his action, Creamer has waived his challenge to the district court's dismissal for failure to state a claim. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider issues raised by Creamer in his brief that are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We reject as unsupported by the record Creamer's contentions of judicial bias.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.